# COVINGTON

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

**MEMO ENDORSED**

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/15

*By Hand Delivery*

June 19, 2015

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

*Granted.*

SO ORDERED: DATE: 6/23/2015
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

Re:  *19 Recordings Limited v. Sony Music Entertainment*, No. 14 Civ. 1056

Dear Judge Gorenstein:

We represent Defendant Sony Music Entertainment ("SME") in the above-captioned matter.  On June 15, 2015, Plaintiff 19 Recordings Limited ("19") wrote to Judge Abrams seeking leave to redact and to file under seal certain commercially-sensitive information in connection with a motion for leave to amend the complaint.  Pursuant to Judge Abrams's Order of Reference, (ECF No. 52), however, a non-dispositive pretrial motion such as 19's motion for leave to amend is properly directed to Your Honor.  Accordingly, we address our response to 19's letter to Your Honor.

Pursuant to paragraph 2.F. of Your Honor's Individual Rules of Practice, SME requests that this Court authorize the redactions sought by 19 and certain additional redactions to (i) 19's brief in support of its motion to amend, (ii) the proposed Second Amended Complaint accompanying the motion, and (iii) the accompanying declaration of Ted Cohen.  SME further requests that the unredacted versions of these documents, in addition to Exhibit C to 19's brief (a commercial agreement between SME and Spotify USA) be filed under seal in order to protect commercially sensitive information.  19 consents to this request; we enclose copies of the documents with the agreed redactions highlighted.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), judicial documents may be filed under seal when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at 120 (citation omitted).  The agreements at issue here and the references to them in 19's papers include proprietary, confidential, and commercially-sensitive information, including but not limited to royalty rates, amounts of advance payments, contract duration and conditions for renewal, and other sensitive terms defining the parties' commercial relationship.

Public disclosure of these terms would substantially prejudice SME.  Music-industry royalty negotiations are highly competitive, and disclosure of these terms would thus prejudice

**COVINGTON**

June 19, 2015
Page 2

SME in future negotiations with others and harm SME's competitive position. This type of commercial harm justifies the redactions sought here. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levin, D.M.D.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion under *Lugosch* standard to seal documents containing "highly proprietary" information regarding defendants' business practices, including "marketing strategies, product development, costs and budgeting.").

The parties have previously asked that the Court permit redactions of similar financial information under the standard set forth in *Lugosch*, and Judge Abrams has granted those requests on six separate occasions. (*See* ECF Nos. 13, 23, 26, 27, 29, & 48).

Respectfully submitted,

Jonathan M. Sperling

Enclosures

cc (by e-mail): Hon. Ronnie Abrams
          Richard S. Busch, Esq.