USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/04/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

19 RECORDINGS LIMITED,

        Plaintiff,

v.

SONY MUSIC ENTERTAINMENT,

        Defendant.

---

No. 14-CV-1056 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff 19 Recordings Limited seeks reconsideration of the Court's May 1, 2015 ruling granting Defendant Sony Music Entertainment's motion for reconsideration of the Court's March 17, 2015 Opinion, which denied in part and granted in part Sony's motion to dismiss 19's Amended Complaint. *See* Dkts. 32, 51, 56. In the alternative, 19 seeks leave to file an interlocutory appeal before the Second Circuit.

19 also seeks resolution of an ongoing discovery dispute. Dkt. 74. It requests an order authorizing it, *inter alia*, to take a deposition under Fed. R. Civ. P. 30(b)(6) in support of its claim that Sony breached the Licensing Agreement between the two parties by underpaying the streaming royalties to which 19 was purportedly entitled under paragraph 7.16 of that Agreement. *Id.* On July 6, Sony filed a letter in opposition to this request, Dkt. 75, at which time Judge Gorenstein, to whom this case is referred for general pretrial purposes, directed the dispute to this Court for resolution, Dkt. 70.

The parties first briefed the issue raised in 19's motion for reconsideration—the discretion given Sony under paragraph 7.16 of the Licensing Agreement to enter into agreements with third-party streaming providers that characterize the exploitation of Audio Material as "broadcasts,"

1

"transmissions," "distributions," or "sales"—as part of Sony's initial motion to dismiss, and again in response to Sony's motion for reconsideration. The Court also afforded 19 an opportunity to challenge its ruling at the May 1 conference. For the reasons already stated on the record, and for the additional reasons stated below, 19's motion for reconsideration is denied, as is its request for permission to file an interlocutory appeal. Plaintiff's request for relief regarding its discovery dispute is also denied.

## DISCUSSION

The Court writes for the parties and assumes their familiarity with the underlying facts and procedural history.

### A. Motion for Reconsideration

The standard on a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity for the parties to "present new facts or theories," *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 350 (S.D.N.Y. 2003), and should only be granted "if there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." *Goldstein v. State of New York*, No. 00 CIV. 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001), *aff'd*, 34 F. App'x 17 (2d Cir. 2002).

19 has not met that strict burden here. As an initial matter, its motion for reconsideration raises no new arguments. The Court has already considered the arguments it does raise, both in ruling on Sony's motion for reconsideration, and in denying 19's request, made at the May 1

conference, for the Court to reconsider that ruling. *See* Dkt. 56 (Tr.). The Court has thus rejected the arguments now before it at least once, and many of them twice. This alone is a sufficient ground upon which to deny 19's motion, and certainly a sufficient ground upon which to deny 19's request for oral argument. *See* Dkt. 55. The Court will nonetheless briefly address 19's contention that its May 1 ruling was "directly contrary to . . . law." Pl.'s Mem. 3.

In its Reply, 19 acknowledges that the allegations underlying its breach of the implied covenant claim—the sole issue on the motion for reconsideration—are "more appropriately pled under its claim for breach of contract." Pl.'s Reply 2. Notwithstanding that acknowledgment, 19 persists in its motion, arguing that the "Court's reversal of its prior decision was not based on new facts or arguments and is clear error," and that a failure to correct this error would give Sony "unfettered discretion" in the future. *Id.* at 2. The Court disagrees.

19's motion turns on two key questions. The first, is just how much discretion Sony is afforded under paragraph 7.16. This is a question of contractual interpretation, as the duty of good faith and fair dealing cannot undermine rights expressly granted to a party under a contract. *See ARI & Co. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 523 (S.D.N.Y. 2003). *See also K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996). The plain language of paragraph 7.16 answers this question. *See* Licensing Agreement ¶ 7.16. As the Court stated at the May 1 conference, the measure that this paragraph uses to determine the royalties 19 is owed "is how the streaming agreements [Sony] entered into with third-party providers are described. That's it." Tr. 6:25–7:2. The "Licensing Agreement allows [Sony] to enter into a variety of different types of agreements with streaming providers—and the royalty treatment these agreements receive, for better or worse, depends on how these agreements describe the exploitation." *Id.* 5:16–20. Sony's discretion is thus not limited by how the exploitation entailed in these agreements might fairly be

3

described, but how it is actually described.[1]

The second question is whether Sony's exercise of the discretion afforded it by paragraph 7.16 violated the covenant of good faith and fair dealing that "all contracts imply . . . in the course of performance." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (N.Y. 2002). As stated previously, it is on this issue that 19 has not "pled its burden." Tr. 7:6. To sufficiently plead an implied covenant claim, 19 needed to allege—with the degree of factual support that Fed. R. Civ. P. 8(a) demands—conduct other than the mere exercise of discretion paragraph 7.16 expressly granted Sony; rather, it needed to allege specific facts demonstrative of Sony's bad faith. *See, e.g., U.S. ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056 (NRB), 2007 WL 2142312, at *16 (S.D.N.Y. July 18, 2007).[2] It did not do so. It alleges that the exploitation entailed in Sony's third-party agreements "can only be fairly described as 'transmissions' or 'broadcasts,'" Am. Compl. ¶ 36, but this allegation fails in light of Sony's discretion to enter into third-party agreements that describe the relevant exploitation as "broadcasts," "transmissions," "distributions," or as "sales." *See* Licensing Agreement ¶ 7.16.

19 also alleges, "[i]n the alternative, [that] even if it were to turn out [that] the underlying licenses or other agreements between [Sony] and the streaming services do not describe the exploitation as a 'broadcast' or 'transmission,' that is true only because the agreements have been purposefully drafted or edited by [Sony] in a manner which mischaracterizes the services' exploitations." *Id.* ¶ 38. This allegation is conclusory at best. It amounts to a claim that Sony must have, absent the conduct alleged in paragraph 36, performed in bad faith. Nowhere does 19 offer

---

[1] Additionally, as the Court found in its original Opinion, "paragraph 7.16 cannot"—by the plain terms of the Licensing Agreement—"apply to sales of permanent digital downloads." Op. (Dkt. 32) 10 n.5.

[2] 19 contends that the Court, in ruling on Sony's motion for reconsideration, erroneously relied on *Ferguson v. Lion Holding*, 478 F. Supp. 2d 455 (S.D.N.Y. 2007) for the same legal proposition recited in *U.S. ex rel. Smith*, arguing that *Ferguson* concerned a motion for summary judgment and not a motion to dismiss. Pl.'s Mem. 4 n.2. *Smith*, however, does concern a motion to dismiss, and, in any event, a simple review of *Ferguson* reveals that the proposition 19 challenges as inapposite was drawn from a New York case on a motion to dismiss.

a factual basis for this conclusion, however.

It is this factual insufficiency that Sony's motion for reconsideration identified, Dkt. 36 at 5, and it is on this basis that the Court reversed its earlier ruling. Thus, far from finding that Sony "has the absolute right to act in bad faith if it so chooses," Pl.'s Mem. 10, the Court, on reconsideration, determined only that 19 had not alleged sufficient facts evincing bad faith, and that its original conclusion otherwise was erroneous. In its reconsideration of this issue, the Court did not pass on what constraints the implied covenant of good faith and fair dealing might impose on Sony under paragraph 7.16; it found only that 19 had failed to specifically allege the absence of good faith that is prerequisite to a breach of any such constraints. 19's motion for reconsideration is thus denied.

### B. Leave to File an Interlocutory Appeal

In the alternative, 19 moves to certify the Court's May 1, 2015 ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b), however, "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Only "exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).

Here, the Court made an error in its initial Opinion. It corrected that error after extensive briefing from the parties, and has now reaffirmed that correction twice: once at oral argument in response to 19's objections to its ruling, and again now, in its denial of the instant motion. There is simply nothing about this case, or the legal issues it entails, so exceptional as to justify an interlocutory appeal. 19's motion for permission to file such an appeal is denied.

### C. Discovery Dispute

19 raises the instant discovery dispute in the context of two motions: 1) Sony's pending motion for judgment on the pleadings as to 19's breach of contract claim, filed pursuant to a briefing schedule set by the Court, Dkt. 60, and 2) a motion for summary judgment 19 seeks to file on the same issue and pursuant to the same schedule. 19 seeks "limited discovery," both to respond to Sony's motion and in support of its own proposed motion. Dkt. 74 at 4. 19 hopes to clarify the relevant use of "broadcast," "transmission," "distribution," and "sale" in the unredacted third-party streaming agreements produced by Sony pursuant to the Court's May 1 ruling. Specifically, to the extent these terms appear in the third-party agreements, 19 seeks to elicit evidence regarding the circumstances surrounding the exploitation of Audio Material with which paragraph 7.16 is concerned. It has thus asked the Court for an order authorizing a deposition pursuant to Fed. R. Civ. P. 30(b)(6), a separate order authorizing further depositions "on the other issues in the case at a later time," and an order barring Sony from objecting to a pending document request from 19 "on the grounds that no discovery is allowed on the issue for which [19's] summary judgment motion is scheduled to be filed." *Id.*

As an initial matter, 19's request for an order authorizing further depositions "on the other issues in the case at a later time" is denied, as is its request for an order barring Sony from objecting to 19's First Request for Production of Documents, which 19 served on Sony on June 22, 2015. There are no such disputes before the Court at this time, nor has 19 alleged as much. The Court requires, moreover, that parties first meet and confer in good faith before submitting discovery disputes for judicial resolution, a requirement that cannot be met as to disputes that have not yet arisen. *See* Individual Rules and Practices in Civil Cases, R. 3.

6

As to 19's request for an order authorizing a Fed. R. Civ. P. 30(b)(6) deposition, Sony argues that such relief is not merited. *See* Dkt. 75 at 3–4. First, Sony argues that 19 did not properly confer with it regarding this discovery request prior to writing the Court, as is required, and alleges that it "saw 19's proposed deposition notice and proposed topics for the first time when Sony received 19's letter." *Id.* at 3. As even Sony acknowledges, however, 19 did confer with it regarding a Rule 30(b)(6) deposition on the meaning of "exploitation," which "Sony indicated it would not do." *Id.* 19 thus satisfied the letter of the Court's Individual Rules and Practices.[3] Second, Sony argues that "19's request for an immediate Rule 30(b)(6) deposition is directly contrary" to the Court's prior rulings. *Id.* Not so. The Court rejected 19's request for discovery regarding its now-dismissed implied covenant claim, not its pending breach of contract claim. *See* Tr. 34:4–10. *See also* Tr. 4:2–6, 18–24.

19's request for an order of this Court is nevertheless denied, without prejudice to renewal before Judge Gorenstein at the appropriate time. Resolving Sony's pending motion for judgment on the pleadings will not require the Court to consider extrinsic evidence of the sort 19 seeks. Such evidence will be relevant only if Sony's motion is denied. Ordering Sony to submit to a deposition in connection with 19's proposed summary judgment motion is thus not necessary at this time. Indeed, the Court will not consider any summary judgment motions, including the motion presently proposed by 19, until the close of discovery. This will ensure that any such motions address all issues ripe for judgment in a consolidated manner and will avoid wasting judicial and party resources. The Court, however, will not prevent 19 from filing a cross-motion for judgment on the pleadings at this time if it has a good faith basis for doing so, and the parties shall submit a

---

[3] 19 is nonetheless cautioned that the Court's Rules and Practices contemplate more than the cursory attempts at independent resolution evidenced here.

7

revised joint briefing schedule for judgment on the pleadings no later than five days from the date of this order.

The Court also declines to stay discovery pending the resolution of Sony's motion. Accordingly, any renewal of 19's deposition request, as well as any further discovery disputes, shall be addressed to Judge Gorenstein, to be managed as part of his comprehensive and coordinated oversight of all pretrial matters in this action. Finally, all pending requests for redaction are hereby granted. Redacted papers shall be filed on ECF, with one set of unredacted papers filed under seal, and one courtesy copy submitted to the Court by mail.

## CONCLUSION

19's motion for reconsideration and, in the alternative, for leave to file an interlocutory appeal, is denied, as are its requests for this Court's intervention in discovery. The Clerk of Court is respectfully requested to close the motion pending at docket entry 55.

SO ORDERED.

Dated: September 4, 2015
New York, New York

Ronnie Abrams
United States District Judge