**COVINGTON**

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Douglas S. Curran

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1139
dcurran@cov.com

January 8, 2016

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *19 Recordings Ltd. v. Sony Music Entertainment*, 14-cv-1056 (RA) (GWG)

Dear Judge Gorenstein:

We represent defendant Sony Music Entertainment ("SME"). We write to request ten business days to respond to the letter submitted last night by plaintiff 19 Recordings Ltd. (ECF No. 132).

The parties have met and conferred several times on a number of discovery disputes during the last six weeks. The parties conducted the first meet and confer on November 25, 2015, and have had five additional conferences since then, including as recently as January 6, 2016. As it became clear that the parties would need to turn to the Court for resolution, SME proposed that the parties include all of their outstanding discovery disputes in a single joint letter to be submitted to the Court later this month. 19 agreed.

To SME's surprise, yesterday evening, after the close of business, 19 informed SME that it instead intended to promptly file its own letter motion, and asked SME to agree that 19's letter could be ten pages rather than five. SME expressed its surprise that 19 intended to file its own letter rather than a joint letter as the parties had previously discussed, and asked that 19 agree on a schedule by which SME's responsive letter would be due. 19 responded that it was filing its letter now precisely so that SME would be required to respond in the two business days remaining before the January 12 hearing on 19's motion for leave to amend. 19 then filed and served the letter at 10:00 PM.

In short, after spending weeks honing its written submission—and after agreeing to coordinate on a joint letter—19 sandbagged SME with a 10-page letter, timed so that under Your Honor's individual rules SME must consume the period between now and Tuesday's oral argument responding to that submission rather than preparing for the hearing. The issues that 19 raises have been pending for over a month and a half, and nearly five months still remain before SME's document deadline production of May 27, 2016. (*See* ECF No. 120). There is no reason

**COVINGTON**

Hon. Gabriel W. Gorenstein
January 8, 2016
Page 2

that SME must respond to these issues within two days, nor is there any reason that the Court should address them at the January 12 hearing, before each party has had an opportunity to fully set forth its position.

It is also worth noting that at the same time that 19 insists that SME immediately respond to its letter, 19 has in substance ignored the Court's order requiring that 19 at long last produce documents to SME. SME moved to compel on October 23, 2015, because 19 had, among other things, not produced a single page of internal correspondence in response to the document requests that SME had served nearly five months earlier. Since then, 19 has produced only documents that have previously been exchanged between the parties, agreements and template agreements, and royalty statements issued by SME to 19. But to date, 19 still has not produced a single piece of internal correspondence.

SME respectfully requests that the Court permit SME to respond to 19's letter on January 25, ten business days after it was submitted. Per Rule 1.E of Your Honor's Individual Practices, SME has not previously requested an extension of this deadline.

Respectfully,

Douglas S. Curran

cc:   All counsel of record