Richard S. Busch (SB 5613)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-541

Kenneth E. Gordon (KG 5703)
GORDON, GORDON & SCHNAPP, P.C.
437 Madison Avenue, 39th Floor
New York, New York 10022
Telephone: (212) 355-3200
Facsimile: (212) 355-3292

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **19 RECORDINGS LIMITED**         ) <br>                                                         ) <br>        **Plaintiff,**                             ) <br>                                                         ) <br> v.                                                    ) <br>                                                         ) <br> **SONY MUSIC ENTERTAINMENT,**  ) <br>                                                         ) <br>        **Defendant.**                           ) | **Case No. 14-CV-I056 (RA)(GWG)** <br><br> **PLAINTIFF'S AMENDED THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** <br><br> **DEMAND FOR JURY TRIAL** |

Please Take Notice Plaintiff 19 Recordings Limited ("19 Recording"), pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendant Sony Music Entertainment ("Sony") produce, within thirty (30) days, the following documents and tangible things for inspection and copying at the offices of King Ballow, 315 Union Street, Suite 1100, Nashville, Tennessee 37201:

1

**Definitions**

As used herein -

A.  "All," "any," and "each" shall each be construed as encompassing any and all.

B.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.  "Sony" "you," "your," or "yourself' refers to Defendant Sony Music Entertainment., its agents, representatives, attorneys, predecessors, and/or any other person acting or purporting to act on its behalf.

D.  "19 Recordings," "19," or "Plaintiff" refers to Plaintiff 19 Recordings Limited, its parent companies, officers, agents, owners, management, representatives, and employees.

E.  "Amended Complaint" means the First Amended Complaint for Breach of Contract; and Breach of the Implied Duty of Good Faith and Fair Dealing filed in this action by 19 Recordings on May 19, 2014, in the United States District Court for the Southern District of New York, Case No. 14-CV-1056(RA)(GWG) (DE 18).

F.  "Answer, Affirmative Defenses, and Counterclaim" means the Answer, Affirmative Defenses, and Counterclaim of Defendant Sony Music Entertainment filed in this action by SME on March 31, 2015 (DE 35).

G.  "Artists" shall mean Kelly Clarkson, Clay Aiken, Carrie Underwood, Chris Daughtry, Kellie Pickler, Jordin Sparks, David Archuleta and David Cook.

H.  "Audit" or "Audits" shall mean the audits of Sony's books and records performed by Haber Corporation and by Miller, Kaplan, Arase & Co., LLP on behalf of 19 and the Artists involved in this action.

I.  "Master Recording Agreement" shall mean the option agreement dated February 8, 2002 between 19 and Ronagold Limited granting Ronagold Limited "an exclusive irrevocable option to designate" the exclusive record label for the first series of the American version of Pop Idol, including the "Exclusive Recording Agreement" attached thereto as Exhibit A.

J.  "UK Recording Agreement" shall mean the "Exclusive Recording Agreement" dated February 8, 2002 entered between 19 and Ronagold Limited, as amended, designating Ronagold Limited as the exclusive record label for all Pop Idol finalists.

K.  "Communicate" or "communication" shall mean any transmission of information in any medium, including but not limited to oral, graphic, written, pictorial, or other perceptible means, including, but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile transmissions electronic mail, meetings, and personal conversations.

 L.  "Document" is defined to be construed in the broadest possible manner and include all electronically stored information, originals and all copies of correspondence, memoranda, notes, records, stenographic records, recordings, schedules, tabulations, tables, charts, reports, lists, agreements, files, dossiers, curriculum vitae, diaries, calendars, studies, summaries, synopses, analysis of electronic or mechanical recordings, telegrams, graphs, books, log sheets, ledgers, accounting statements, invoices, vouchers, orders, order forms, receipts, transcripts and messages (including report of telephone conversation and conferences), minutes and transcripts of meetings, inter and intra-office communications, microfilm, microfiche, computer printouts, databases and documents or information stored in electronic media, such as data stored on a computer, network, server, backup, archive or other storage media, email messages, voicemails, instant messages, text messages, electronic calendars, audio files, data on stationary, portable, handheld or other computers, including laptops and handheld devices, animation, metadata, graphics, photographs, databases, spreadsheets, websites, drawings and all other types of digital data stored in any format or Media, photographs, photographic negatives, movies, videotapes, sketches, sketches, diagrams, blue and black line prints, drawings, drafts of writings and all other written, printed, stored or recorded material of any kind.  Where any of the "documents" were transmitted by means of electronic or telephonic transmission (i.e., fax), any cover sheet accompanying the document and all attachments are included in this definition.

 M.  "Identify", "identity", or "specify" means:
  a. When used in reference to a person, to state his/her full name, present or last known address, present or last known telephone number, and when referring to a natural person, additionally, the present or last known place of employment.
  b. When used in reference to a document, state the type of document, general subject matter, date of the document, author(s), addressee(s), recipient(s), and the present or last known location and custodian of the original of the document and any copies thereof.  If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it, the date, by whom, and at whose direction;
  c. When used in reference to a communication, state the type of communication (e.g., letter, personal conversation, meeting, etc.), and whether the communication was oral or in writing.  If the communication was oral, state the date of the communication, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the identity of all other persons present; if the communication was written, produce the writing;
  d. When used in reference to an act, fact, or event, to state the substance of the act or event, the date, time, and place of performance, and the identity of the actor and/or all other persons present; and
  e. When used in reference to an omission, to state the substance of the act which you contend should or would have been performed, the time and date when such act should or would have been performed, and the person who should or would have performed such act.

 N.  "Master" or "Masters" shall mean any sound recording or master recording delivered to SME by 19 Recordings utilizing the recording service of one of the Artists under the Terms of the Recording Agreement.

 O.  "Digital Download Providers" shall mean any third party which sells or distributes music downloads digitally or electronically sells or distributes the Masters.

P. "Streaming Service" shall mean third party services that license the Masters from SME and broadcast or "stream" them over the Internet to end users).

Q. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

R. References to the feminine shall include the masculine; references to the masculine shall include the feminine.

S. References to the plural shall include the singular; references to the singular shall include the plural.

T. "Relates to" means evidences, supports, concerns, constitutes, contains, records, discusses, describes, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

U. "Revenue" shall mean wages, income, earnings, interest, profits (or loss), gains or any other return of money or other remuneration received or owed to you, or paid by you, in exchange for labor, services, sale, or lease of goods, property, including intellectual property, or invested capital or any combination thereof.

## Instructions

1. This Request for Production of Documents is a continuing Request. If any additional information or documents relating in any way to this Request are acquired or discovered subsequent to the date of Defendant's response, up to and including the time of trial, these documents shall be furnished to Plaintiff promptly after such documents are discovered.

2. If you once had any document requested in this Request for Production of Documents but said document was destroyed, lost, given, or loaned to another, or is otherwise unavailable for inspection, furnish Plaintiff with:

   a. The name and address of all other persons who may have said document;
   b. A summary of the contents of said document;
   c. The date and reason(s) why said document was destroyed, lost, given, loaned or otherwise became unavailable; and
   d. The manner of its disposal.

3. As to any document(s) requested to be produced hereunder as to which you or your counsel assert any claim of privilege and withhold such document, your responses shall provide by way of identification of each document the following information:

   a. The nature of such document;
   b. The name(s) of the author, sender, and recipient of each original, copy, or draft of such document;
   c. The name(s) appearing on any circulation list associated with such document;

4

    d.    A statement of the subject matter of such document; and

    e.    A statement of each privilege asserted to such document.

4. The documents produced pursuant to this Request shall be separately produced for each paragraph of the Request or, in the alternative, shall be identified as complying with the particular paragraph(s) of the Request to which they are responsive.

## Documents to Be Produced

1. Please produce all documents concerning the drafting, negotiation, or interpretation of the Master Recording Agreement and/or UK Recording Agreement, including but not limited to communications involving David Turnbull and/or Clive Rich.

    **Response:**

2. Please produce all agreements between Sony and any other person or entity that characterizes the exploitation of the master recordings of a recording artists, in a manner that broadcasts or "streams" the master recordings over the Internet to end users, as "sales," "distributions," "licenses," "broadcasts," or "transmissions," including all documents concerning the negotiation, drafting, or execution of said agreements.

    **Response:**

3. Please produce all agreements between Sony and any other person or entity that requires Sony to account for television and/or radio advertising costs, related to the advertising campaign of a recording artist, to such other person or entity on an individual album-by-album basis, including all documents concerning the negotiation, drafting, or execution of said agreements.

    **Response:**

4. Please produce all agreements between Sony and any other person or entity that requires Sony to account for television and/or radio advertising costs, related to the advertising campaign of a recording artist, to such other person or entity on a campaign-by-campaign basis, including all documents concerning the negotiation, drafting, or execution of said agreements.

    **Response:**

**DATED: November 6, 2015**        Respectfully submitted,

                              By:    /s/Richard S. Busch
                                    Richard S. Busch (SB 5613)
                                    **KING & BALLOW**

315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone:  (615) 259-3456
Facsimile:   (615) 726-541

Kenneth E. Gordon (KG 5703)
**GORDON, GORDON & SCHNAPP, P.C.**
437 Madison Avenue, 39th Floor
New York, New York 10022
Telephone:  (212) 355-3200
Facsimile:   (212) 355-3292