USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19 RECORDINGS LIMITED,

          Plaintiff,

v.

SONY MUSIC ENTERTAINMENT,

          Defendant.

No. 14-CV-1056 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

In this diversity action, Plaintiff 19 Recordings ("19") claims that Defendant Sony Music Entertainment ("Sony") breached several agreements by underpaying royalties on musical recordings that it licensed to third-party streaming services. Before the Court are the parties' cross-motions for partial reconsideration of the Court's September 28, 2016 Opinion and Order, which granted in part and denied in part their cross-motions for judgment on the pleadings. For the reasons set forth below, the cross-motions for partial reconsideration are denied.

## BACKGROUND

The Court assumes familiarity with the factual allegations in this case, which are recited in the Court's March 17, 2015 Opinion and Order ("Mar. 17, 2015 Op.") (Dkt. 32) and September 28, 2016 Opinion and Order ("Op.") (Dkt. 208).

Sony and 19 entered into several licensing agreements, pursuant to which 19 granted Sony the right to, among other things, "manufacture, advertise, promote, distribute, sell, and otherwise exploit" musical recordings in exchange for royalties. *See* Am. Compl. ¶¶ 16–17 (Dkt. 18).[1]

---

[1] 19 claims that Sony breached eight licensing agreements. *See* Am. Compl. ¶¶ 15, 17. These agreements are, for purposes of the parties cross-motions for judgment on the pleadings, materially

Paragraph 7.16 of the licensing agreements provides that, if Sony's licensing agreement with a third party "describes or characterises the exploitation as 'broadcast' or 'transmission,'" Sony shall pay 19 royalties at a rate of 50 percent. *See* Decl. of Christopher Y. L. Yeung in Supp. of Def.'s Mot. to Dismiss Ex. B ¶ 7.16 ("L.A.") (Dkt. 15–2). If, however, Sony's licensing agreement with a third party "does not so describe the exploitation" or "describes or characterises the exploitation as 'distribution' or 'sales,'" Sony shall pay 19 royalties at a lower rate. *See id.*

On September 28, 2016, the Court granted in part, and denied in part, the parties' cross-motions for judgment on the pleadings. On October 19, 2016, both parties moved for partial reconsideration. *See* Pl.'s Notice of Mot. (Dkt. 211); Def.'s Notice of Mot. (Dkt. 213).[2]

## LEGAL STANDARD

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (quoting *Shaw v. Mcdonald*, No. 14-CV-5856 (NSR), 2016 WL 828131, at *1 (S.D.N.Y. Feb. 22, 2016)). "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1 (S.D.N.Y. May 10, 2017) (quoting *Pablo Star Ltd. v. Welsh Gov't*, No. 15-CV-1167 (JPO), 2016 WL 2745849, at *1 (S.D.N.Y. May 11, 2016)). "In order to prevail on a motion for reconsideration, a movant must demonstrate '(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.'"

---

identical. *See* Op. at 2 n.1. The Court collectively refers to these agreements as "Licensing Agreement" or "L.A."

[2] On December 12, 2016, Judge Gorenstein granted the parties' request for a litigation standstill while they pursued settlement. *See* Endorsed Letter (Dec. 12, 2016) (Dkt. 229). That standstill remained in place until August 15, 2017. *See* Endorsed Letter (July 10, 2017) (Dkt. 249).

*Id.* (quoting *Pablo Star*, 2016 WL 2745849, at *1). "The standard governing motions for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09-CV-488 (LGS), 2017 WL 1378276, at *1 (S.D.N.Y. Apr. 14, 2017) (quoting *Analytical Surveys*, 684 F.3d at 52); *see also de los Santos v. Fingerson*, No. 97-CV- 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("[T]he proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.").

## DISCUSSION

### A. Sony's Motion for Clarification or Partial Reconsideration

In moving for clarification or partial reconsideration, Sony asks a single question. Does "the lower royalty rate under ¶ 7.16" apply where the term "distribution" "appears in the relevant characterizations or descriptions of the exploitation"? Def.'s Mem. in Supp. of Mot. ("Def.'s Mem.") at 1–2 (Dkt. 214).

The answer is yes. As the Court has held throughout this litigation, the lower royalty rate applies where a third-party licensing agreement uses the term "distribution" to "describe[] or characterise[]" the exploitation of audiovisual material. L.A. ¶ 7.16; *see, e.g.*, Mar. 17, 2015 Op. at 10. That is not to say, however, that the lower royalty rate necessarily applies whenever the

term "distribution" appears anywhere in an *agreement*. Rather, as Sony appears to acknowledge, the term must be used to "describe[] or characterise[]" the exploitation. Def.'s Mem. at 2. But because the Court found the phrase "describe[] or characterise[]" ambiguous as applied to the majority of the agreements submitted by the parties, it could not determine whether, in those agreements, the term "distribution" served as a characterization or description of the exploitation within the meaning of ¶ 7.16. *See* Op. at 8–12.[3] As a result, the Court could not conclude that, as a matter of law, the use of the term "distribution" in those agreements required application of the lower royalty rate. And on that basis, the Court denied in part the parties' cross-motions for judgment on the pleadings.

Sony thus identifies no error in need of correction, and its motion is denied.[4]

## B. 19's Motion for Partial Reconsideration

19 seeks reconsideration of the Court's denial of its motion for judgment on the pleadings with respect to agreements attached to its motion as Exhibits 4–6, 10–11, 13–16, 18–19, 21, and 23–41. *See* Pl.'s Mem. in Supp. of Mot. ("Pl.'s Mem.") at 2 (Dkt. 212). In denying the motion with respect to these agreements, the Court noted that "19 moves for judgment on these contracts in footnotes of its motion" and "generally asserts that these agreements all characterize the delivery of Audio Material as a transmission," but did not "point to any language or provision in these agreements that does so." Op. at 14. In moving for partial reconsideration, 19 "does not dispute

---

[3] The Court need not address Sony's question of whether the lower royalty rate under ¶ 7.16 applies where variations on the term "distribution"—for example, "distribute" or "distributing"—are used to characterize or describe the exploitation of audiovisual material. *See* Def.'s Mem. at 1–2. The Court did not address this question in ruling on the parties' motions for judgment on the pleadings and has no reason to consider it now.

[4] The Court also need not address 19's argument, raised in opposition to Sony's motion, that it should reconsider its award of judgment on the pleadings to Sony with respect to Sony's agreement with AOL. *See id.* at 16–18. This argument is procedurally improper, as 19 failed to raise it as a basis for reconsideration in a motion filed within the time period prescribed by Local Rule 6.3. *See* S.D.N.Y. Local R. 6.3.

4

the fact that its general assertion in those footnotes was insufficient." Pl.'s Reply Mem. in Supp. of Mot. ("Pl.'s Reply Mem.") at 3 (Dkt. 221). Rather, 19 argues that the Court "overlooked" its "specific reference to the definition of 'Stream' in each such agreement." Pl.'s Mem. at 2. This argument is without merit.

In the September 28, 2016 Opinion and Order, the Court specifically noted that 19 had asserted, as it does again here, that "these agreements all characterize the delivery of Audio Material as a transmission." Op. at 14; *see* Pl.'s Mem. at 3. And the Court made no error in finding that 19 had not "point[ed] to any language or provision of these agreements" to support this assertion. Op. at 14. While 19's brief referenced "these definitions," Pl.'s Cross-Mot. for J. on the Pleadings at 14 (Dkt. 176), it did not cite any such "definition" in any specific agreement to support its argument, *see id.* Instead, it simply listed eighteen agreements—spanning hundreds of pages—in a footnote, without a single reference to relevant pages or sections in these agreements. *See id.* at 14 n.25. Even on reconsideration, 19 makes no attempt to cure this deficiency: its motion provides no specific citations to these agreements. *See generally* Pl.'s Mem.; Pl.'s Reply Mem. 19 has thus failed to show that the Court erred in finding that it was not entitled to judgment on the pleadings with respect to these agreements. *Cf., e.g., Reach Music Pub., Inc. v. Warner/Chappell Music, Inc.*, No. 09-CV-5580 (LTS), 2011 WL 3962515, at *3 (S.D.N.Y. Sept. 7, 2011) (dismissing a breach of contract claim where the party asserting the claim "fail[ed] to point to any provision of the [agreements] that was violated"); *Owens v. Gaffken & Barriger Fund, LLC*, No. 08-CV-8414 (PKC), 2009 WL 3073338, at *14 (S.D.N.Y. Sept. 21, 2009) (dismissing a breach of contract claim where "the complaint fails to cite to any specific contractual provisions alleged to have been breached"); *see generally San Diego Cty. Empls. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 129 n.7 (S.D.N.Y. 2010) ("Plaintiff must allege the specific provisions of the

contract upon which the breach of contract claim is based, as a claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract." (alteration and internal quotation marks omitted)).

Accordingly, 19's motion for partial reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the parties' cross-motions for partial reconsideration are denied. Sony's request for clarification is addressed above. The parties' requests for oral argument are denied as moot. Pursuant to the Court's order of August 28, 2017, *see* Dkt. 254, Sony shall file a response to 19's objections to Judge Gorenstein's November 22, 2016 Order no later than ten business days of the filing of this Opinion and Order.

The Clerk of Court is respectfully directed to terminate the motions pending at Docket Entries 211 and 213.

SO ORDERED.

Dated: September 22, 2017
New York, New York

Ronnie Abrams
United States District Judge